UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE T. POSNER; EVA M. POSNER, | |
| Plaintiffs, | Case No.: 2:16-cv-0511-GMN-PAL |
| vs. | |
| RONALD T. ISRAEL, | **ORDER** |
| Defendant. | |

Pending before the Court is the Motion for a Temporary Restraining Order, (ECF No. 10), filed by Plaintiffs Lance T. Posner and Eva M. Posner ("Plaintiffs"). Also before the Court is Plaintiffs' Motion for a Preliminary Injunction. (ECF No. 7). For the reasons set forth herein, the Motions will be DENIED.

**I.   BACKGROUND**

This action arises out of a state civil action ("State Action") filed against Plaintiffs. (*See* Compl., ECF No. 1). Defendant Judge Ronald J. Israel presided over the State Action, and after a bench trial, granted relief to the state court plaintiffs. (*Id.* ¶¶ 4-27). Plaintiffs appealed the decision, but the Nevada Supreme Court entered an Order of Affirmance. (*Id.* ¶¶ 28-35). Subsequently, Plaintiffs filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on October 5, 2015. (*Id.* ¶¶ 36-41).

Plaintiffs allege that Defendant Israel "violated the [P]laintiffs' rights to due process of law" throughout the state court proceedings. (*Id.* ¶¶ 23–26). Plaintiffs filed the instant action on March 8, 2016, requesting "the issuance of a preliminary and permanent injunction against the defendant precluding him from presiding over any sanctions motions filed against plaintiffs

and their counsel and prohibiting any retaliation for filing permissible civil rights proceedings in this court and any other court." (*Id.* 15:11-14).

In the instant Motions, Plaintiffs request the issuance of a temporary restraining order and preliminary injunction precluding Judge Israel from issuing sanctions against them.  In considering the instant Motion, the Court notes that it recently dismissed a largely identical complaint in another action filed by Plaintiffs against Judge Israel. *Posner v. Israel*, No. 2:15-CV-0377-GMN-PAL, 2016 WL 1048015 (D. Nev. Mar. 10, 2016).  In dismissing that action, the Court found that Plaintiffs' due process claims against Judge Israel, which arose out of the same Nevada state court action at issue in this case, were barred pursuant to the *Rooker-Feldman* doctrine. *Id.*

## II.     LEGAL STANDARDS

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)).  "Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010).

A temporary restraining order may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of hardships tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.  The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of

an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

In considering whether a preliminary injunction is warranted, a district court also relies on the factors set forth in *Winter*. 555 U.S. at 20.  However, a preliminary injunction may be issued only after "a hearing in which the defendant is given a fair opportunity to oppose the application" and sufficient time "to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 433 (1974).

## III. DISCUSSION

What has become known as the *Rooker-Feldman* doctrine arises from two United States Supreme Court decisions defining federal district court jurisdiction and the relationship between federal district courts and state courts.  Federal district courts possess "strictly original" jurisdiction, and thus have no power to exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  Only the United States Supreme Court has jurisdiction to review such judgments. *Feldman*, 460 U.S. at 482.  The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.

2003)). In addition to barring de facto appeals from state court judicial decisions, the *Rooker-Feldman* doctrine forbids federal district courts from deciding issues "inextricably intertwined" with an issue the state court resolved in its decision. *Noel*, 341 F.3d at 1158. But the "inextricably intertwined" test comes into play only when the federal lawsuit "is at least in part a forbidden de facto appeal of a state court judgment, and an issue in that federal suit is 'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden de facto appeal is taken." *Id.* at 1165. If a plaintiff's suit falls within the *Rooker-Feldman* doctrine, then the district court must dismiss for lack of subject matter jurisdiction. *Kougasian*, 359 F.3d at 1139.

Here, Plaintiffs are essentially asking the Court to review the state court's decisions in the State Action. However, this requested relief constitutes a forbidden de facto appeal of multiple state court orders. *See Noel*, 341 F.3d at 1163 (explaining that a de facto appeal occurs when a plaintiff complains of a "legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants"). To provide Plaintiffs with the relief sought would require this Court to analyze the state courts' alleged legal errors and void the original order and the appeal, which is equivalent to an appellate review falling squarely within the confines of *Rooker-Feldman.* Moreover, the Court may not review any issues "inextricably intertwined" with issues addressed by the State Court. *See Doe v. Mann*, 415 F.3d 1038, 1042-43 (9th Cir. 2005) (requesting that a federal district court undo a judgment based on an issue resolved by the state court constitutes a de facto appeal). As such, Plaintiffs lack a likelihood of success on the merits because their claims appear to be barred under the *Rooker-Feldman* doctrine. Accordingly, Plaintiffs' Motions will be denied.[1]

---

[1] Even assuming, *arguendo*, that Plaintiffs' claims are not barred pursuant to the *Rooker-Feldman* doctrine, the Court finds that they are likely barred pursuant to the doctrine of issue preclusion, as they appear to be identical

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Preliminary Injunction and Motion for a Temporary Restraining Order, (ECF Nos. 7, 10), are **DENIED**.

**DATED** this __9__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

to the claims dismissed by the Court in Plaintiffs' prior action against Judge Israel. *Posner v. Israel*, No. 2:15-CV-0377-GMN-PAL, 2016 WL 1048015 (D. Nev. Mar. 10, 2016).